IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROME WILLIAMS,

                          Petitioner,

            v.                                  CASE NO. 12-3107-RDR

CLAUD MAYES,

                          Respondent.


MEMORANDUM AND ORDER

     This matter comes before the court on a petition for habeas
corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner at the
United States Penitentiary, Leavenworth, Kansas.

     Petitioner was convicted in the Eastern District of Missouri in
1998. In the present action, he asserts that the indictment failed
to plead sufficient facts to invoke federal interstate commerce
jurisdiction.

     Petitioner's claim challenges the validity of his conviction.
Such a claim is properly brought in a petition filed under 28 U.S.C.
§ 2255. "The purpose of section 2255 is to provide a method of
determining the validity of a judgment by the court which imposed
the sentence, rather than by the court in the district where the
prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th
Cir. 1965)(per curiam).

     In contrast, an action filed pursuant to § 2241 is properly

used to challenge the execution of a prisoner's sentence and is filed in the district of a prisoner's confinement. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

The §2241 remedy "is not an additional, alternative, or supplemental remedy, to the relief ... under § 2255." *Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963)(per curiam). Thus, § 2255 is the exclusive means to challenge the validity of a judgment, unless that remedy is inadequate or ineffective. *Johnson*, 347 F.2d at 366. Such an exception is available only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

The court has considered the petition and finds that the petitioner's claim is a challenge to the validity of his conviction, a claim that must be presented in the district of his conviction. The petition does not suggest the existence of exceptional circumstances, and the court finds no legal basis to allow this matter to proceed.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 7th day of June, 2012, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

2